IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARLOS BALDERRAMA,**

    Plaintiff,

vs.                                                              **No. CIV 99-1167 LCS-ACE**

**LIFE INSURANCE COMPANY
OF NORTH AMERICA,**

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion for Protective Order (Doc.19), filed April 20, 2000. The Court, having reviewed the Motion, Memoranda, exhibits, and relevant authorities, finds that Defendant's motion is well-taken and should be granted.

## **Background**

Plaintiff was covered by a long-term disability insurance policy issued by Defendant through his employment with Ecolab, Inc. Plaintiff injured his back at work in December, 1996, and underwent lumbar decompression in 1997. After Defendant determined he was not entitled to continuing disability insurance benefits, Plaintiff brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* seeking judicial review of Defendant's denial of benefits.

Defendant seeks a protective order prohibiting Plaintiff from deposing Drs. Kennedy and Weiner Ross, two treating physicians who opined that he could work in a sedentary capacity with

restrictions. Defendant does not dispute that it relied on the opinion of these physicians in determining that Plaintiff was not entitled to continuing disability insurance benefits, but argues that the depositions of the two physicians would yield irrelevant evidence. In support of this argument, Defendant asserts that an arbitrary and capricious standard of review applies and that the only relevant evidence for this Court to review in making its determination is the evidence that was submitted to Defendant as of the date of the final decision to deny coverage.

Plaintiff responds that a *de novo* standard of review applies and that the scope of review should encompass the depositions of Drs. Kennedy and Weiner Ross because Defendant based its denial primarily on the opinions of these two doctors.

## **Analysis**

A denial of benefits challenged under ERISA is reviewed under a *de novo* standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The defendant bears the burden of defeating the *de novo* presumption by demonstrating that the plan documents lend it sufficient discretion to warrant the application of an arbitrary and capricious standard of review. *See Herzberger v. Standard Ins. Co.*, 205 F. 3d 327, 332 (7th Cir. 2000). The Tenth Circuit has found that a plan grants sufficient discretionary authority to a plan administrator to give rise to an arbitrary and capricious standard of review where a plan provided that the administrator had authority to decide questions concerning application or provisions of the plan. *See Dycus v. Pension Benefit Guaranty Corp.*, 133 F. 3d 1367, 1369 (10th Cir. 1998); *Winchester v. Prudential Life Ins.*, 975 F. 2d 1479, 1483 (10th Cir. 1992).

In an excellent and comprehensive opinion, the Honorable James A. Parker, United States District Judge, recently considered the question of the appropriate standard of review under Section 502(a)(1)( B) of ERISA and concluded that the *de novo* standard represented an "emerging trend" and offered the better reasoned approach where the plan required a written proof of loss. *LaPointe v. Continental Casualty Co.*, CIV 99-1358, at 5 (Apr.14, 2000). The standard of review, therefore, hinges on the degree of discretionary authority the plan grants to the plan administrator.

Defendant argues that the Plan grants it sufficient discretionary authority to give rise to an arbitrary and capricious standard of review. In support of this argument, Defendant relies on Section 6.2 of the Plan which provides that "[t]he Administrator has discretionary power and authority to make reasonable rules and regulations for the administration of the Plan, to determine any person's eligibility to participate in the Plan, to make all determinations necessary for the Plan's administration, . . . and to construe, interpret, apply and enforce the Plan whenever the Administrator deems necessary to carry out its intent and purpose and to facilitate its administration." (Def.'s Ex. A at 5.) Section 6.2, read in isolation, would seem to grant discretionary authority to the Administrator sufficient to trigger an arbitrary and capricious standard of review. *See Winchester v. Prudential Life Ins.*, 975 F. 2d at 1483. However, an ERISA plan must be examined as a whole. *See Chiles v. Ceridian Corp.*, 95 F. 3d 1505, 1511 (10th Cir. 1996). Therefore, Section 6.2 may not be considered in isolation, but must be construed in light of the entire Plan.

Section 2.1 of the Plan identifies Ecolab, and not Defendant, as the Administrator. Specifically, Section 2.1 states that "[t]he Administrator is Ecolab, Inc., or any person to whom the general administrative duties of the Plan may be delegated pursuant to Section 6.1 of the Plan." (Def.'s Ex. A at 1.) Defendant is identified as the "Insurer." Section 2.7 defines "Insurer" as "the

3

insurance company that has issued the Policy in effect at such time." (Def.'s Ex. A at 2.) Section 7.1 states that participants must apply to the Insurer for disability income benefits in the manner prescribed by the Insurer. (Def.'s Ex. A at 5.)

Section 6.1 states that the general administration of the Plan is vested in Ecolab, Inc., and that any delegation of administrative authority must be in writing. (Def.'s Ex. A at 4.) At the hearing of May 8, 2000, the Court directed Defendant to submit any documentation evincing delegation of administrative authority by May 19, 2000. To date, Defendant has failed to submit any such documentation. It is undisputed that Defendant acted as the Administrator of the Plan in denying benefits to Plaintiff. Defendant has produced no writing evincing a valid delegation of administrative authority under the Plan. The Court finds that Defendant acted without a valid delegation of authority from Ecolab when it denied Plaintiff continuing disability insurance benefits. In the absence of a written delegation of administrative authority pursuant to Section 6.1 of the Plan, Section 6.2 did not grant discretionary authority to Defendant to overcome the presumption in favor of a *de novo* standard of review.

In cases where the plan documents do not confer discretionary authority to determine entitlement to benefits, then the standard of review is *de novo*. *DeBoard v. Sunshine Mining and Refining Co.,* 208 F. 3d 1228, 1241-42 (10th Cir. 2000). Defendant has failed to meet its burden of establishing that the Plan grants it sufficient discretion to overcome the presumption in favor of *de novo* review. *See Herzberger v. Standard Ins. Co.*, 205 F. 3d at 332. Thus, a *de novo* standard of review applied to this case.

Defendant seeks to limit this Court's review to the record that it used in its determination of Plaintiff's claim. Plaintiff asserts that *de novo* review in this case should include additional

4

information and should not be limited to the record before the Administrator. In support of this argument, Plaintiff cites to *Kearney v. Standard Ins. Co.*, 144 F. 3d 597 (9th Cir. 1998) (*Kearney I*). However, *Kearney I* was withdrawn and a revised opinion issued. *Kearney v. Standard Ins. Co.*, 175 F. 3d 1084 (9th Cir. 1998) (*Kearney II*). In *Kearney II*, the Ninth Circuit held that a district court should not take additional evidence merely because someone at a later time comes up with new evidence. *See Kearney*, 175 F. 3d at 1090-91. Therefore, *Kearney II* does not support Plaintiff's argument, but it does bolster Defendant's stance.

In addition, in a letter to the Court acknowledging that *Kearney I* was withdrawn, Plaintiff refers to *Quesinberry v. Life Ins. Co. of North America*, 987 F. 2d 1017 (4th Cir. 1993). In *Quesinberry,* the Fourth Circuit adopted a scope of review that permits the district court in its discretion to allow evidence that was not before the plan administrator. *See id.*, 987 F. 2d at 1025. The *Quesinberry* court emphasized, however, that the district court should exercise this discretion only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision. *See id.* In most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the plan administrator or trustee at the time of the determination. *See Quesinberry*, 987 F. 2d at 1025. Thus, *Quesinberry* is inapposite to Plaintiff's position.

The Tenth Circuit has not directly addressed the scope of review in ERISA cases to which a *de novo* standard of review applies. However, in *Sandoval v. Aetna Life and Casualty Ins. Co.*, 967 F. 2d 377 (10th Cir. 1992), the Tenth Circuit quoted *Perry v. Simplicity Engineering*, 900 F. 2d 963 (6th Cir. 1990) as follows:

5

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of the goal. If district courts heard evidence not presented to plan administrators, employees and the beneficiaries would receive less protection than Congress intended.

*Sandoval*, 967 F. 2d at 380 (*quoting Perry*, 900 F. 2d at 967 (citation omitted)).

The Tenth Circuit also cited *Perry* in *Woolsey v. Marion Laboratories, Inc.*, 934 F. 2d 1452, 1460 (10th Cir. 1991). In *Perry*, the Sixth Circuit held that the administrator's decision is to be reviewed *de novo*, that is without deference to the decision or any presumption of correctness, based on the record before the administrator. *See Perry*, 900 F. 2d at 965. *Sandoval* and *Woolsey* indicate that the Tenth Circuit would follow *Perry* and hold that the scope of review in a *de novo* ERISA case is limited to the record before the plan administrator at the time the decision was rendered.

The approach has been followed in the District of New Mexico. In *LaPointe,* Judge Parker determined that the scope of review is limited to the record that was before the administrator, absent circumstances which clearly establish the need to gather additional evidence to conduct a just *de novo* review. *See LaPointe v. Continental Casualty Co.*, CIV 99-1358 at 8. I find Judge Parker's analysis to be persuasive and I agree with his conclusion. Therefore, the scope of review in this case is limited to the record before the plan administrator, absent circumstances which clearly establish the need to gather additional evidence to conduct a just *de novo* review.

The question then becomes whether the circumstances of this case clearly establish the need for additional evidence. In his Surreply, Plaintiff submits that the depositions of Drs. Kennedy and Weiner Ross are necessary because his mental condition is complicated, the doctors opinions were central to the denial, and that the payor insurance company was also the entity reviewing the material. The nature of Plaintiff's condition and the weight accorded to the doctors opinions are not factors

6

that would warrant the taking of additional evidence and are not germane to the question of the appropriate scope of review. While Plaintiff obliquely alleges that Defendant was operating under a conflict of interest, he offers no absolutely no basis for this assertion.[1] Consequently, Plaintiff has failed to establish any circumstances that would warrant consideration of additional evidence in this case. Accordingly, Defendant's Motion for Protective Order, filed April 20, 2000, shall be granted. Plaintiff is prohibited from taking the depositions of Drs. Kennedy and Weiner Ross.

While the question of the proper scope of review issue arose in the context of a discovery motion, Plaintiff had adequate notice that the Court would decide of the issue of the appropriate scope of review because Defendant raised it in its Reply and Plaintiff addressed it in his Surreply. *See Howell Petroleum Corp. v. Leben Oil*, 976 F.2d 614, 620 (10th Cir. 1992) (holding plaintiff had notice of issue when plaintiff implicitly raised it in motion for partial summary judgment and defendant responded with winning argument). However, Plaintiff may revisit this issue during briefing on the merits. Plaintiff should take notice that, absent an affirmative showing of exceptional circumstances, including a conflict of interest, as suggested by Plaintiff in his Surreply, the record reviewed by the Court *de novo* shall be limited to record before the Plan Administrator at the time the decision was rendered.

Defendant shall file the record before the Plan Administrator at the time the decision was rendered by June 23, 2000. Plaintiff shall file any objections to the record by July 14, 2000. Plaintiff

---

[1] The following factors are indicative of a conflict of interest: (1) the plan is self-funded; (2) the company funding the plan appointed and compensated the plan administrator; (3) the plan administrator's performance reviews or level of compensation were linked to the denial of benefits; and (4) the provision of benefits had a significant economic impact on the company administering the plan. *See Jones v. Kodak Med. Assistance Plan*, 169 F. 3d 1287, 1291 (10th Cir. 1999).

shall file a motion and accompanying brief on the merits by August 4, 2000. Defendant shall file a response brief by August 25, 2000. Plaintiff shall file any reply brief by September 15, 2000.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**